UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM JOSEPH BURRIS, JR., | : | CIVIL NO: 4:14-CV-02032 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| RALPHO TWP. POLICE | : | |
| DEPARTMENT, | : | |
| | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

### I. Introduction.

This case comes before the court for a statutorily mandated screening review of the complaint.   The plaintiff, William Joseph Burris, Jr., claims that the Ralpho Township Police Department has failed to investigate his complaints regarding the criminal activity of others.   In accordance with 28 U.S.C. § 1915(e)(2), we have reviewed the complaint, and we conclude that the complaint fails to state a claim upon which relief may be granted.   Because it would be futile to grant Burris leave to amend, we recommend that the complaint be dismissed and that the case be closed.

## II. Factual Background and Procedural History.

Burris, proceeding *pro se*, commenced this 42 U.S.C. § 1983 case by filing a complaint and a motion for leave to proceed *in forma pauperis*.[1]   In his complaint, Burris names one defendant—the Ralpho Township Police Department.   Burris alleges that the defendant failed to properly investigate his complaints regarding numerous instances of break-ins and trespassing on his property and an assault on his dog.   He alleges that despite being presented evidence that these incidents occurred, officers with the defendant refused to bring the culprits to justice.   Burris seeks an investigation of the defendant for corruption as well as monetary damages.

## III. Discussion.

### A. Screening of *In Forma Pauperis* Complaints—Standard of Review.

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. Specifically, we are obliged to the amended complaint pursuant to 28 U.S.C. § 1915(e)(2) which provides:

---

[1] By a separate order, we granted Burris's motion for leave to proceed *in forma pauperis*.

(2) Notwithstanding any filing fee, or any portion thereof, that may
have been paid, the court shall dismiss the case at any time if the court
determines that⸺
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal⸺
        (i) is frivolous or malicious
        (ii) fails to state a claim upon which relief may be
        granted; or
        (iii) seeks monetary relief against a defendant who is
        immune from such relief.

Under Section 1915(e)(2)(B)(ii), the court must assess whether a *pro se*
complaint "fails to state a claim upon which relief may be granted."   This statutory
text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure,
which provides that a complaint should be dismissed for "failure to state a claim
upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a
'short and plain statement of the claim showing that the pleader is entitled to relief.'"
*Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009).   The statement required by Rule
8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the
grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).   Detailed
factual allegations are not required, but more is required than labels, conclusions,
and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v.
Twombly*, 550 U.S. 544, 555 (2007).   "In other words, a complaint must do more

3

than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).   "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994).   A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).   Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions.   Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.   In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that,

4

'because they are no more than conclusions, are not entitled to the
assumption of truth.' Finally, 'where there are well-pleaded factual
allegations, a court should assume their veracity and then determine
whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010)(quoting

*Iqbal,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and

'"however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers."' *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,*

429 U.S. 97, 106 (1976)).   Nevertheless, "pro se litigants still must allege sufficient

facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704

F.3d 239, 245 (3d Cir. 2013).   Thus, a well-pleaded complaint must contain more

than mere legal labels and conclusions.   Rather, a *pro se* complaint must recite

factual allegations that are sufficient to raise the plaintiff's claimed right to relief

beyond the level of mere speculation, set forth in a "short and plain" statement of a

cause of action.

### B. The Complaint Fails to State a 42 U.S.C. § 1983 Claim Upon Which Relief May Be Granted.

Burris brings claims under 42 U.S.C. § 1983.   "Section 1983 imposes civil

liability upon any person who, acting under the color of state law, deprives another

individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005).   Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.*   To establish a claim under § 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Court held that local governments are "persons" and are subject to suit under §1983. Following *Monell*, courts have concluded that a police Department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).   Thus, they have held that while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*   Similarly, judges within this district have concluded that a police department, such as the defendant here, is merely a subunit of the local government and is not, itself, amenable to suit under § 1983. *See e.g. Terrell v. City of Harrisburg Police Dept.,* 549 F.Supp.2d 671, 686 (M.D.Pa. 2008)(Conner, J.)("It

6

is well-settled that police departments operated by municipalities are not "persons"

amenable to suit under § 1983."); *Holland v. Pocono Regional Police* Department,

3:13-CV-1406, 2013 WL 3973080, at *13 (M.D.Pa. July 31, 2013)(Carlson,

M.J.)(report and recommendation citing cases holding that a police department is

not a "person" for purposes of § 1983 and, therefore, is not a proper defendant in a §

1983 action), report and recommendation adopted, 2013 WL 3973080 at *1

(Mariani, J.); *Golya v. Golya* No. 3:05-CV-0100, 2007 WL 2301085, at *9 (M.D.

Pa. Aug. 9, 2007)(Vanaskie, J.).   Further, although we are not aware of a

precedential opinion by the Third Circuit on this point, in a non-precedential

opinion, the Third Circuit reached the same conclusion. *See Martin v. Red Lion

Police Dept.*, 146 F. App'x 558, 562 n. 3 (3d Cir. 2005)(per curiam).   Following

this authority, the Ralpho Township Police Department is not a proper defendant in

this case.

     To the extent that Burris intended to name Ralpho Township itself as a

defendant, the complaint nevertheless fails to state a claim upon which relief may be

granted.   A municipality cannot be held liable for the unconstitutional acts of its

employees on a theory of *respondeat superior. Monell,* 436 U.S.at 691.   To state a

claim against a municipality, the plaintiff must allege that the violation of his rights

was caused either by a policy or custom of the municipality. *Id.* at 694; *Berg v.*

*County of Allegheny,* 219 F.3d 261, 275 (3d Cir. 2000).   Since Burris has failed to allege facts from which it can reasonably be inferred that a policy, custom, or practice resulted in a violation of his constitutional rights, the complaint fails to state a claim upon which relief may be granted.

Moreover, Burris's claim regarding the lack of a proper investigation rests on a fatally flawed premise, *i.e.,* that Burris has a constitutional right or interest in the prosecution or investigation of others.   A private citizen, however, "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973).   *See also Town of Castle Rock v. Gonzalez,* 545 U.S. 748, 768 (2005)("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations.").   And "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil,* 487 F.3d 374, 378 (6th Cir. 2007); *See also Fuchs v. Mercer Cnty.,* 260 F.App'x 472, 475 (3d Cir. 2008). Burris, therefore, cannot bring a claim based on the alleged inadequate investigation of others.

### C.   Burris's Complaint Should Be Dismissed With Prejudice.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002).   In light of this requirement, after screening a complaint and concluding that it fails to state a claim upon which relief may be granted, we frequently grant the plaintiff leave to amend.   In this case, however, granting Burris leave to amend would be futile given that he does not have a constitutional right to the investigation or prosecution of others.   Accordingly, Burris should not be granted leave to amend.

### IV.   Recommendation.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that the complaint be dismissed and that the case be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.   Such party

shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing requirements set forth in Local Rule 72.2 shall apply.   A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 11th day of December, 2014.


S/Susan E. Schwab
Susan E. Schwab
United States Magistrate Judge